**FOR PUBLICATION**

```
              IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                   DIVISION OF ST. THOMAS & ST. JOHN


In re:                            )
                                  )
INNOVATIVE COMMUNICATION          )
COMPANY, LLC, et al.              )    Civil No. 2007-105
                                  )
                                  )    Re: Bkrtcy. No. 2006-30008, &
          Debtor.                 )    Bkrtcy. No. 2006-3009
                                  )
——————————————————————————————————)
                                  )
In re:                            )
                                  )
JEFFREY J. PROSSER                )
                                  )
          Debtor.                 )
——————————————————————————————————)
```

**ATTORNEYS:**

**Michael J. Lichtenstein, Esq.**
Rockville, MD
    *For Jeffrey J. Prosser,*

**Robert F. Craig, Esq.**
Omaha, NE
    *For Jeffrey J. Prosser,*

**Thomas Alkon, Esq.**
St. Croix, U.S.V.I.
    *For Jeffrey J. Prosser,*

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
    *For Greenlight Capital Qualified, L.P., Greenlight Capital,
    L.P., Greenlight Capital Offshore, Ltd.,*

**Thomas J. Allingham II, Esq.**
Wilmington, DE
    *For Greenlight Capital Qualified, L.P., Greenlight Capital,
    L.P., Greenlight Capital Offshore, Ltd.,*

*In re: Innovative Communication Company, LLC, et al. and*
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 2

**Charles S. Russell, Jr., Esq.**
St. Thomas, U.S.V.I.
    *For Rural Telephone Finance Cooperative,*

**William R. Greendyke, Esq.**
Houston, TX
    *For Rural Telephone Finance Cooperative.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court are the emergency motions[1] of the appellant, Jeffrey J. Prosser ("Prosser"), to stay certain orders entered by the United States Bankruptcy Court for the District of the Virgin Islands pending appeal.  Alternatively, Prosser requests a temporary restraining order and preliminary injunction prohibiting Stan Springel ("Springel"), trustee for Innovative Communication Company, LLC ("ICC-LLC") and Emerging Communications, Inc. ("Emerging"), and James P. Carroll ("Carroll"), trustee for Prosser (together with Springel, the "Trustees") from selling or otherwise disposing of any property or assets of the bankruptcy estates of ICC-LLC, Emerging, or Prosser.  Finally, Prosser requests expedited hearing of the instant motions.  For the reasons stated below, the Court will deny Prosser's motions.

---

[1] Prosser filed identical motions withy this Court in Civil No. 2007-105 and Civil No. 2007-156.

*In re: Innovative Communication Company, LLC, et al. and*
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 3

## I.  FACTS

Prosser was an officer and director of Innovative Communication Corporation ("Innovative"), a management and holding company that owns all of the common stock of various subsidiaries that provide telephone, newspaper, cable television, internet, and other media-related services in the United States Virgin Islands and elsewhere.  Prosser was also an officer, director, and sole member of ICC-LLC, the ultimate parent company of Innovative.

On February 10, 2006, Greenlight Capital Qualified, LP, Greenlight Capital, LP, and Greenlight Capital Offshore, Ltd., (collectively, the "Greenlight Entities") filed involuntary petitions pursuant to chapter 11 of the United States Bankruptcy Code ("Chapter 11") against Prosser, ICC-LLC, and Emerging (collectively, the "Debtors").

On April 26, 2006, the Debtors entered into a global settlement agreement (the "Settlement Agreement") with the Greenlight Entities, the Rural Telephone Finance Cooperative ("RTFC"), and the National Rural Utilities Cooperative Finance Corporation ("CFC").  The Settlement Agreement purported to

*In re: Innovative Communication Company, LLC, et al.* and
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 4

resolve various lawsuits, disputes and claims among the parties.[2] The Settlement Agreement provided that the Debtors could discharge the claims of the RTFC and the Greenlight Entities, which total at least $600 million, for the discounted amount of $402 million. The Settlement Agreement also contemplated that the Debtors would obtain outside financing and make the payment on or before July 31, 2006.

As of July 31, 2006, the Debtors did not secure final financing commitments, nor did they make any payments to RTFC or Greenlight. Rather, on July 31, 2006, the Debtors filed voluntary chapter 11 bankruptcy petitions in the bankruptcy court. *See In re Emerging Communications, Inc.,* Bankr. No. 2006-30007; *In re Innovative Communications, LLC,* Bankr. No. 2006-30008; *In re Prosser,* Bankr. No. 2007-30009.

On September 25, 2006, the Debtors filed a joint motion requesting that the Bankruptcy Court authorize the assumption of the Settlement Agreement on the ground that the Debtors had received commitment letters for outside financing. On September 29, 2006, the Bankruptcy Court ordered the Debtors to file supplemental briefs by November 3, 2006, containing documentation

---

[2] The full factual background of the events leading to the execution of the Settlement Agreement is unnecessary for the purpose of the motions now before the Court.

*In re: Innovative Communication Company, LLC, et al.* and
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 5

of a binding commitment from an outside financing source. On November 3, 2006, the Debtors filed their supplemental briefs, which indicated that they had not received a binding commitment. On November 8, 2006, the Bankruptcy Court denied the Debtors' motion for the assumption of the Settlement Agreement. The Bankruptcy Court reasoned that because the Debtors had not secured financing, performance of the Agreement was impossible.

On March 15, 2007, the bankruptcy court appointed Springel as Chapter 11 trustee of the bankruptcy estates of ICC-LLC and Emerging (the "ICC-Emerging Estates"). Thereafter, RTFC and Greenlight filed separate motions seeking an order declaring that the Settlement Agreement is not assumable. At a hearing conducted on July 18, 2007, the bankruptcy court verbally ruled that the global settlement agreement was not assumable. That ruling was memorialized in a written order entered on August 2, 2007, which stated that the Settlement Agreement is not assumable because it is no longer executory. Prosser timely appealed the August 2, 2007, order.

On October 3, 2007, the bankruptcy Court converted Prosser's voluntary Chapter 11 petition to a liquidation pursuant to Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 701 *et seq.* ("Chapter 7"). Carroll was appointed as the Chapter 7 trustee of the bankruptcy estate of Prosser (the "Prosser

*In re: Innovative Communication Company, LLC, et al.* and
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 6

Estate") (together with the ICC-Emerging Estates, the "Estates") and continues to serve in that capacity.[3] On October 5, 2007, Prosser moved the bankruptcy court to reconsider its October 3, 2007, order converting the matter to a Chapter 7 liquidation proceeding. That motion was denied by an order entered by the bankruptcy court on November 29, 2007.

On March 20, 2008, Prosser filed emergency motions in the bankruptcy court in *In re Innovative Communications Co., LLC,* Bankr. No. 2006-30008, and *In re Prosser,* Bankr. No. 2006-30009. that are identical to the instant motion .

On March 26, 2008, Prosser filed the instant motions, which have been opposed by Springel, the RFTC, and the Greenlight Entities.

## II.  DISCUSSION

### A.  Federal Rule of Bankruptcy Procedure 8005[4]

Federal Rule of Bankruptcy Procedure 8005 ("Rule 8005") provides, in relevant part,

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for

---

[3] Carroll was appointed Chapter 7 trustee after John Ellis ("Ellis"), the initial trustee, resigned from that position on October 31, 2007.

[4] "Apparently today the bankruptcy rules can apply to proceedings pending before a federal district court." *Phar-Mor, Inc. v. Coopers & Lybrand,* 22 F.3d 1228, 1235 (3d Cir. 1994).

*In re: Innovative Communication Company, LLC, et al.* and
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 7

> other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.  A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, *but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. . . .*

Fed. R. Bankr. P. 8005 (1987); *see also In re Continental Airlines*, 91 F.3d 553, 562 (3d Cir. 1996) ("[T]here is a procedure under Bankruptcy Rule 8005 to seek to preserve the status quo . . . ."); *In re Highway Truck Drivers & Helpers Local Union No. 107,* 888 F.2d 293, 297 (3d Cir. 1989) ("[Rule] 8005, governing motions for a stay of an order of the bankruptcy court, is in part an adaption of Fed. R. App. P. 8(a).").

To obtain a stay pending an appeal under Rule 8005, a movant must establish:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will suffer irreparable injury unless the stay is granted; (3) whether granting the stay will result in substantial harm to the other parties to the appeal; and (4) the effect of granting the stay upon the public interest.

*In re Lang,* 414 F.3d 1191, 1201 (10th Cir. 2005); *In re Stearns Bldg.*, 165 F.3d 28 (6th Cir. 1998); *In re Forty-Eight*

*In re: Innovative Communication Company, LLC, et al.* and
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 8

*Insulations, Inc.,* 115 F.3d 1294, 1300 (7th Cir. 1997); *In re First South Sav. Ass'n,* 820 F.2d 700, 709 (5th Cir. 1987); *In re Turner*, 207 B.R. 373, 375 (2d Cir. B.A.P. 1997); *In re Blackwell*, 162 B.R. 117, 119 (E.D. Pa. 1993).[5]  "The party moving for a stay has the burden on each of these elements." *In re Shenandoah Realty Partners, L.P.*, 248 B.R. 505, 510 (W.D. Va. 2000).

Ultimately, "[t]he decision of whether to grant a stay pending appeal is left to the discretion of the bankruptcy court." *In re Lang,* 414 F.3d at 1201; *In re Blackwell,* 162 B.R. at 119.  "However, the exercise of that discretion is not unbridled but rather, the court must exercise its discretion in light of what this court has recognized as the four criteria for a stay pending appeal." *In re First South Sav. Ass'n,* 820 F.2d at 709.

**B.    Federal Rule of Bankruptcy Procedure 8011(d)**

---

[5]  *See also Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) (considering the standard applicable under Federal Rule of Appellate Procedure 8(a) for granting a stay of a district court's order pending appeal); *Republic of Philippines v. Westinghouse Elec. Corp.,* 949 F.2d 653, 658 (3d Cir. 1991) (listing the factors applicable to a court of appeal's consideration of whether to issue stay pending appeal in civil case).

*In re: Innovative Communication Company, LLC, et al. and*
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 9

Federal Rule of Bankruptcy Procedure 8011(d) ("Rule 8011(d)") sets forth the requirements for an emergency motion filed in the district court pending appeal of a bankruptcy court's order:

> [T]he word "Emergency" shall precede the title of the motion.  The motion shall be accompanied by an affidavit setting forth the nature of the emergency.  The motion shall state whether all grounds advanced in support thereof were submitted to the bankruptcy judge and, if any grounds relied on were not submitted, why the motion should not be remanded to the bankruptcy judge for reconsideration. . . .  The affidavit accompanying the motion shall also state when and how opposing counsel was notified or if opposing counsel was not notified why it was not practicable to do so.

Fed. R. Bkrtcy. P. 8011(d).  A party seeking expedited action must show the threat of irreparable harm by affidavit. *See In re United Pan-Europe Communications N.V.*, 2003 WL 221819 (S.D.N.Y. 2003) (explaining that conclusory allegations are insufficient to show irreparable harm for purposes of emergency review).

C.   **Federal Rule of Bankruptcy Procedure 7001**

Pursuant to Federal Rule of Bankruptcy Procedure 7001 ("Rule 7001"), injunctive relief may only be obtained in a bankruptcy

*In re: Innovative Communication Company, LLC, et al.* and
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 10

matter through an adversary proceeding.[6] *See* Fed. R. Bankr. P. 7001(7) (1999) ("An adversary proceeding is . . . a proceeding to obtain an injunction . . . ."); Fed. R. Bankr. P. 7065 (making Federal Rule of Civil Procedure 65, which governs injunctive relief, applicable in adversary proceedings); *see also Phar-Mor, Inc. v. Coopers & Lybrand,* 22 F.3d 1228, 1235 (3d Cir. 1994) ("Bankruptcy Rule 7001 identifies which proceedings are to be considered "adversary proceedings" (as opposed to "contested matters"); *Matter of Zale Corp.*, 62 F.3d 746, 762 (5th Cir. 1995)

---

[6] As the United States Court of Appeals for the Third Circuit has explained:

> Disputes litigated in the bankruptcy court are divided into adversary proceedings and contested matters. Ten types of disputes are designated as adversary proceedings in Bankruptcy Rule 7001. . . . Adversary proceedings are governed by more formal rules of procedure than contested matters and must be instituted by the filing of a complaint. Pursuant to Chapter VII of the Bankruptcy Rules, many of the Federal Rules of Civil Procedure are applicable and these proceedings are thus conducted much like ordinary civil litigation. Other disputes that arise in connection with the bankruptcy case . . . are contested matters. They are generally initiated by motion and do not require a responsive pleading (unless the bankruptcy court directs that an answer be served). Only certain of the rules governing adversary proceedings apply to the resolution of contested matters and the court may direct that these rules will not apply in the litigation of a particular contested matter or that other rules will apply. The procedures governing contested matters are thus less formal.

*In re Indian Palms Associates, Ltd.*, 61 F.3d 197, 204 n.11 (3d Cir. 1995) (internal citations and quotations omitted).

*In re: Innovative Communication Company, LLC, et al.* and
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 11

("Under Rule 7001, an injunction requires an adversary proceeding."); *In re Lyons*, 995 F.2d 923, 924 (9th Cir. 1993) (explaining that relief falling under one of the categories listed in Rule 7001 may only be obtained through an adversary proceeding); *In re B & F Associates, Inc.*, 55 B.R. 19, 20 (Bankr. D. Colo. 1985) ("Bankruptcy Rule 7001(7) requires any proceeding in a bankruptcy court "to obtain an injunction or other equitable relief" to be brought as an adversary proceeding.").

"An adversary proceeding is commenced by filing and service of a complaint and summons." *In re B & F Associates, Inc.*, 55 B.R. at 20; *see also Matter of Zale Corp.*, 62 F.3d at 763 ("In order to initiate an adversary proceeding, a party seeking equitable relief must file a complaint and serve each affected party."); *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) (explaining that an adversary proceeding "must be commenced by a properly filed and served complaint"); Fed. R. Bankr. P. 7003 (making Federal Rule of Civil Procedure 3, which requires the filing of a complaint with the court, applicable to adversary proceedings); Fed. R. Bankr. P. 7004 (providing for the service of summons in bankruptcy adversary proceedings).

> The adversary proceeding is treated as a separate dispute between the Debtor and Creditor, subject to the procedural guidelines and safeguards contained in the Federal Rules of Civil Procedure. As in a civil trial, the bankruptcy court

*In re: Innovative Communication Company, LLC, et al.* and
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 12

rules on the dispute only after a trial or upon receipt of a dispositive motion.

*In re Banks,* 299 F.3d 296, 301 (4th Cir. 2002).

### III.  ANALYSIS

**A.   Stay Pending Appeal**

Prosser's emergency motions to stay pending appeal are currently pending before the bankruptcy court in *In re Innovative Communications Co., LLC,* Bankr. No. 2006-30008, and *In re Prosser,* Bankr. No. 2006-30009.  In moving for such relief in this Court, Prosser acknowledges that the bankruptcy court has not yet ruled upon his pending motion to stay in that court.

"Although [Rule 8005] states that a motion for relief pending appeal ordinarily must be made in the first instance in the bankruptcy court, Rule 8005 allows for such a motion to be made to the district court upon a showing of why the relief was not obtained from the bankruptcy court." *In re Highway Truck Drivers & Helpers Local Union No. 107*, 888 F.2d at 297 (3d Cir. 1989) (citing *In re Kahihikolo*, 807 F.2d 1540, 1542 (11th Cir. 1987); *see also Green Point Bank v. Treston*, 188 B.R. 9, 11 (S.D.N.Y. 1995) ("The party may apply to the district court, as long as the motion shows why the relief sought was not obtained from the bankruptcy court."); *In re Duncan,* 107 B.R. 758, 759 (W.D. Okl. 1988) ("Rule 8005 provides among other things that (1)

*In re: Innovative Communication Company, LLC, et al.* and
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 13

a motion for stay must be made in the first instance in the bankruptcy court and (2) a motion for stay made in the district court shall show why the relief ... was not obtained from the bankruptcy court." (quotations omitted)).

Because Prosser has filed motions to stay in the bankruptcy court, the first requirement of the Rule 8005 analysis is satisfied. Prosser asserts that the failure of the bankruptcy court to dispose of the pending stay motions should be deemed an outright denial of the motions. The only argument Prosser offers in support of his position is that the bankruptcy court was able to rule on a subsequently filed emergency motion for a stay pending appeal within one day. However, the fact that the bankruptcy court disposed of some motion within one day simply does not mean that all other motions pending for longer are automatically denied. There is no evidence in the record that the bankruptcy court has considered or denied Prosser's motions to stay. Prosser does not argue that it would be futile to seek a stay in the bankruptcy court. Nor does he claim that any particular prejudice would result from waiting for disposition of the stay motions currently pending before the bankruptcy court. In sum, Prosser has not presented any reasons why the stay could not be obtained from the bankruptcy court. Therefore, he has failed to comply with the procedural requirements of Rule 8005.

*In re: Innovative Communication Company, LLC, et al.* and
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 14

*Cf. In re Drislor Associates*, 110 B.R. 937, 939 (D. Colo. 1990) (finding that Rule 8005 was violated because "[d]ebtor's motion fails to . . . indicate the reasons why the bankruptcy court denied its application for stay"); *In re Duncan,* 107 B.R. at 759 ("[T]he debtors . . . in no way indicate the reasons for the judge's action.  Thus[,] [the] debtors have failed to comply with Rule 8005.").

    Attached to the instant motion is an affirmation of his attorney, A. Jeffrey Weiss, Esq., dated March 18, 2007, which was filed with the bankruptcy court in *In re Innovative Communications Co., LLC,* Bankr. No. 2006-30008, and *In re Prosser,* Bankr. No. 2006-30009, on March 20, 2008.  The affirmation states that the information set forth therein is "based on the undersigned's review of the pleadings and records in these bankruptcy cases, in the District Court appeals, and from . . . discussions with the attorneys representing movant and with movant." (Weiss Affirmation ¶ 1, March 19, 2008.)  It refers to past sales of "unique and irreplaceable assets," as well as further sales of assets and businesses to take place on unspecified future dates. (*Id.* at ¶ 3.)  Attorney Weiss avers that he was "advised that the sales that have been consummated or which are pending for the Court's approval have been for less

*In re: Innovative Communication Company, LLC, et al.* and
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 15

than fair market value, and as such have depreciated the value of the overall bankruptcy estates." (*Id.* at ¶ 6.)  He concludes that "absent emergency relief . . . the Trustees['] continued sale of assets will leave the respective debtors with an empty remedy in the event the District Court reverses the August 2, 2007, Order as a result of said appeals." (*Id.* at ¶ 6.)

    However, Attorney Weiss' affirmation is not based on personal knowledge of the events described therein.  As such, Weiss' affirmation cannot be considered competent evidence for purposes showing an immediate risk of irreparable harm under Rule 8011(d). *See Maldonado v. Ramirez*, 757 F.2d 48, 50 (3d Cir. 1985) (explaining that, to be sufficient, an affidavit "must be made 'on personal knowledge,' must set forth 'such facts as would be admissible in evidence' and must 'show affirmatively that the affiant is competent to testify to the matters stated therein'"). Neither the facts contained in Weiss' affirmation nor the record of the underlying litigation persuade the Court that this matter constitutes an emergency warranting expedited review.  *See In re Zahn Farms*, 206 B.R. 643, 645 (B.A.P. 2d Cir. 1997) (holding that a showing "that at some unspecified point in the future a foreclosure sale and a sale of personalty will occur" is

*In re: Innovative Communication Company, LLC, et al. and*
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 16

insufficient to show a threat of irreparable harm required for expedited review of an emergency motion under Rule 8011(d)).

Additionally, at the time Prosser moved for a stay in this Court, his identical motions had not even fully briefed in the bankruptcy court. Prosser has not offered any reason why this Court, as opposed to the bankruptcy court, should decide the matter. This Court is confident that the bankruptcy court will rule upon the motions in a timely manner. Under these circumstances, the Court finds it more appropriate for the bankruptcy court to decide the motions to stay the August 2, 2007, and November 29, 2007, orders in the first instance. *See, e.g., In re Zahn Farms*, 206 B.R. at 645 (recognizing "the benefit of the views of the Judge who is familiar with the issues pertaining to any purported emergency"); *cf. In re Premier Operations*, 293 B.R. 334 (S.D.N.Y. 2003) (denying a debtor's motion for emergency relief because, *inter alia,* the difference between expedited and ordinary review was a matter of weeks, or at most months).

**B.  Injunctive Relief**

As an alternative to a stay pending appeal, Prosser seeks a temporary restraining order and a preliminary injunction to prohibit the Trustees from attempting to sell or otherwise

*In re: Innovative Communication Company, LLC, et al.* and
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 17

dispose of any property or assets of the Estates. Prosser's request for injunctive relief falls squarely within the ambit of Rule 7001. *See* Fed. R. Bankr. P. 7001(7); *see also In re DeArakie,* 199 B.R. 821, 824 ("Because, by its own terms, the debtor's motion requests that I invoke my equity powers pursuant to 11 U.S.C. § 105(a) to enjoin the trustee from selling property, an adversary proceeding is required by Federal Rule of Bankruptcy Procedure 7001(7)."); *In re Kampen*, 190 B.R. 99, 101 (Bankr. N.D. Iowa 1995) (stating that the debtors' motion to stop unsecured creditors from selling property of the debtors' Chapter 7 bankruptcy estate was a request for injunctive relief requiring the filing an adversary complaint). However, there is no evidence in the record that Prosser has filed a complaint and served summonses for an adversary proceeding requesting injunctive relief. Instead, Prosser simply asks for a temporary restraining order and preliminary junction as an alternative request for relief in his motions to stay pending appeal in the contested matters of *In re Innovative Communications Co., LLC,* Bankr. No. 2006-30008, and *In re Prosser,* Bankr. No. 2006-30009, which were already pending before the bankruptcy court.

By requesting injunctive relief by motion in the underlying contested matters rather than by commencing an adversary

*In re: Innovative Communication Company, LLC, et al. and*
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 18

proceeding against the Trustees, Prosser has failed to comply with the requirements of Rule 7001.[7] *See Matter of Zale Corp.*, 62 F.3d at 763 ("Including a matter governed by Rule 7001 in another matter already before the court, however, does not satisfy the procedural rules required by Rule 7001."); *In re McKay*, 732 F.2d 44, 48 (3d Cir. 1984) (holding that party cannot include Rule 7001 matter in a reorganization plan, but must instead commence an adversary proceeding seeking resolution of such matter). Accordingly, Prosser's motion for a temporary restraining order and preliminary injunction fails on procedural grounds. *See, e.g., In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) (holding that a Rule 7001 matter "commenced by motion rather than by complaint will be dismissed"); *In re DeArakie,* 199 B.R. at 824-25 (denying the debtor's motion to enjoin the trustee from selling property of the bankruptcy estate as "procedurally improper" because the debtor failed to commence an adversary proceeding to

---

[7] As the United States Bankruptcy Appellate Panel of the Ninth Circuit has explained:

> There are numerous procedural differences between a motion and an adversary proceeding.  For example, a motion comes before the court without the focus that results from the adversary proceeding's more formal pleading requirements and more structured pretrial process.  Moreover, the presentation of evidence at the hearing on the merits is more formal in the case of an adversary proceeding.

*In re Boni*, 240 B.R. 381, 385-86 (B.A.P. 9th Cir. 1999).

*In re: Innovative Communication Company, LLC, et al.* and
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 19

obtain such relief); *In re Stacy,* 167 B.R. 243, 249 (N.D. Ala. 1994) (affirming the bankruptcy court's decision to strike a motion for injunctive relief because "[u]nder the Federal Rules of Bankruptcy Procedure, the relief sought by [the mortgagee] could not have been obtained by motion but rather necessitated the institution of an adversary proceeding"); *cf. In re Banks*, 299 F.3d 296 (4th Cir. 2002) (holding that an order disposing of a Rule 7001 matter had no preclusive effect because it was not entered in connection with an adversary proceeding).

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Prosser's motion to stay enforcement of the bankruptcy court's August 2, 2007, and November 29, 2007, orders pending appeal.  The Court will also deny Prosser's motion for a temporary restraining order and preliminary injunction to bar the Trustees from selling or otherwise disposing of assets or property of the Estates. Finally, Prosser's request for expedited hearing of the instant motion will be denied.

*In re: Innovative Communication Company, LLC, et al.* and
*In re: Jeffrey J. Prosser*
Civil No. 2007-105 & Civil No. 2007-156
Memorandum Opinion
Page 20

    Indeed, the Court is certain that the Bankruptcy Court will address the pending motion to stay promptly.

                                     S/_____
                                        **Curtis V. Gómez**
                                        **Chief Judge**