**FOR PUBLICATION**

```
           IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS & ST. JOHN


In re:                          )
                                )
INNOVATIVE COMMUNICATION        )    Civil No. 2007-106
COMPANY, LLC, et al.            )
                                )    Case No. 06-30008 (JKF)
         Debtor.                )
_____)
                                )
In re:                          )    Civil Nos. 2007-105
                                )               2007-156
JEFFREY J. PROSSER              )
                                )    Case No. 06-30009 (JKF)
         Debtor.                )
_____)
```

**ATTORNEYS:**

**Michael J. Lichtenstein, Esq.**
Rockville, MD
　　*For Jeffrey J. Prosser,*

**Robert F. Craig, Esq.**
Omaha, NE
　　*For Jeffrey J. Prosser,*

**Thomas Alkon, Esq.**
St. Croix, U.S.V.I.
　　*For Jeffrey J. Prosser,*

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
　　*For Jeffrey J. Prosser,*

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
　　*For Greenlight Capital Qualified, L.P., Greenlight Capital,*
　　*L.P., Greenlight Capital Offshore, Ltd.,*

**Thomas J. Allingham II, Esq.**
Wilmington, DE
　　*For Greenlight Capital Qualified, L.P., Greenlight Capital,*
　　*L.P., Greenlight Capital Offshore, Ltd.,*

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105, 2007-106, 2007-156
Memorandum Opinion
Page 2

**Charles S. Russell, Jr., Esq.**
St. Thomas, U.S.V.I.
    *For Rural Telephone Finance Cooperative,*

**J. Daryl Dodson, Esq.**
St. Thomas, U.S.V.I.
    *For Rural Telephone Finance Cooperative,*

**William R. Greendyke, Esq.**
Houston, TX
    *For Rural Telephone Finance Cooperative,*

**Jeffrey K. Cymbler, Esq.**
New York, NY
    *For James P. Carroll, Chapter 7 Trustee,*

**Michaela C. Crocker, Esq.**
**Daniel C. Stewart, Esq.**
Dallas, TX
    *For Stan Springel, Chapter 11 Trustee and Innovative*
    *Communication Company, LLC,*

**Craig V. Rasile, Esq.**
Miami, FL
    *For Stan Springel, Chapter 11 Trustee and Innovative*
    *Communication Company, LLC.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the emergency motion of the debtor-appellant,[1] Jeffrey J. Prosser ("Prosser"), for a stay pending appeal of this Court's May 30, 2008, ruling to the United States

---

[1] The motion has been filed by Prosser alone. By order dated September 10, 2007, the Court granted Prosser's motion to consolidate the appeals in civil numbers 2007-105 and 2007-106. Prosser has filed the same motion in civil number 2007-156. Accordingly, the ruling on the motion will be filed in all three cases.

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105, 2007-106, 2007-156
Memorandum Opinion
Page 3

Court of Appeals for the Third Circuit.  For the reasons given below, the motion will be denied.

## I. **FACTUAL AND PROCEDURAL BACKGROUND**

Because the Court has previously outlined the facts of this matter in related proceedings, the Court recites only those facts pertinent to its analysis in this particular motion.

In August, 2007, the Bankruptcy Division ruled that a pre-bankruptcy settlement agreement into which Prosser and related debtors had entered with certain creditors, was not an executory contract and thus was not assumable after the filing of the bankruptcy petition.  Prosser appealed that ruling to this Court.  This Court affirmed the Bankruptcy Division's ruling.[2] *In re Innovative Commun. Co., LLC*, Civ. Nos. 2007-105, 2007-106, 2008 U.S. Dist. LEXIS 42699 (D.V.I. June 2, 2008).

Prosser has appealed this Court's ruling to the Third Circuit, and now requests that this Court's ruling be stayed pending that appeal.  Other parties in these various appeals have filed oppositions.

---

[2] Before the Court ruled on Prosser's appeal, Prosser filed an emergency motion with this Court, requesting a stay of the Bankruptcy Division's ruling pending appeal to this Court.  That motion was denied. *See In re Innovative Commun. Co., LLC*, Civ. No. 2007-105, 2008 U.S. Dist. LEXIS 39739 (D.V.I. April 30, 2008).

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105, 2007-106, 2007-156
Memorandum Opinion
Page 4

## II. <u>DISCUSSION</u>

**A. Stay Pending Appeal**

Courts consider four factors when determining whether to issue a stay pending appeal: 1) the likelihood of success on the merits of the appeal; 2) the irreparable harm to movant if the stay is not granted; 3) the harm to the non-moving party if the stay is granted; and 4) the public interest. *See Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). "[T]he traditional stay factors contemplate individualized judgments in each case." *Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987)).

**B. Federal Rule of Bankruptcy Procedure 8011(d)**

Federal Rule of Bankruptcy Procedure 8011(d) ("Rule 8011(d)") sets forth the requirements for an emergency motion filed in the district court pending appeal of a bankruptcy court's order:

> [T]he word "Emergency" shall precede the title of the motion. The motion shall be accompanied by an affidavit setting forth the nature of the emergency. The motion shall state whether all grounds advanced in support thereof were submitted to the bankruptcy judge and, if any grounds relied on were not submitted, why the motion should not be remanded to the bankruptcy judge for reconsideration. . . . The affidavit accompanying the motion shall also state when and how opposing counsel was notified or if opposing counsel was not notified why it was not practicable to do so.

Fed. R. Bankr. P. 8011(d). A party seeking expedited action must show the threat of irreparable harm by affidavit. *See In re*

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105, 2007-106, 2007-156
Memorandum Opinion
Page 5

*United Pan-Europe Communications N.V.*, No. 02-16020, 2003 U.S. Dist. LEXIS 1297, at *9-10 (S.D.N.Y. Jan. 31, 2003) (explaining that conclusory allegations are insufficient to show irreparable harm for purposes of emergency review).

**C.   Federal Rule of Bankruptcy Procedure 7001**

Pursuant to Federal Rule of Bankruptcy Procedure 7001 ("Rule 7001"), injunctive relief may only be obtained in a bankruptcy matter through an adversary proceeding.[3] *See* Fed. R. Bankr. P. 7001(7) (1999) ("An adversary proceeding is . . . a proceeding to

---

[3]   As the Third Circuit has explained:

> Disputes litigated in the bankruptcy court are divided into adversary proceedings and contested matters.  Ten types of disputes are designated as adversary proceedings in Bankruptcy Rule 7001. . . . Adversary proceedings are governed by more formal rules of procedure than contested matters and must be instituted by the filing of a complaint. Pursuant to Chapter VII of the Bankruptcy Rules, many of the Federal Rules of Civil Procedure are applicable and these proceedings are thus conducted much like ordinary civil litigation. Other disputes that arise in connection with the bankruptcy case . . . are contested matters. They are generally initiated by motion and do not require a responsive pleading (unless the bankruptcy court directs that an answer be served). Only certain of the rules governing adversary proceedings apply to the resolution of contested matters and the court may direct that these rules will not apply in the litigation of a particular contested matter or that other rules will apply.  The procedures governing contested matters are thus less formal.

*In re Indian Palms Associates, Ltd.*, 61 F.3d 197, 204 n.11 (3d Cir. 1995) (internal quotation marks and citations omitted).

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105, 2007-106, 2007-156
Memorandum Opinion
Page 6

obtain an injunction . . . ."); Fed. R. Bankr. P. 7065 (making Federal Rule of Civil Procedure 65, which governs injunctive relief, applicable in adversary proceedings); *see also Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1235 (3d Cir. 1994) ("Bankruptcy Rule 7001 identifies which proceedings are to be considered "adversary proceedings" (as opposed to "contested matters")); *Matter of Zale Corp.*, 62 F.3d 746, 762 (5th Cir. 1995)("Under Rule 7001, an injunction requires an adversary proceeding."); *In re Lyons*, 995 F.2d 923, 924 (9th Cir. 1993) (explaining that relief falling under one of the categories listed in Rule 7001 may only be obtained through an adversary proceeding); *In re B & F Associates, Inc.*, No. 84-00609, 1985 Bankr. LEXIS 6024, at *3 (Bankr. D. Colo. June 3, 1985) ("Bankruptcy Rule 7001(7) requires any proceeding in a bankruptcy court "to obtain an injunction or other equitable relief" to be brought as an adversary proceeding.").

"An adversary proceeding is commenced by filing and service of a complaint and summons." *In re B & F Associates, Inc.*, 1985 Bankr. LEXIS 6024, at *3; *see also Matter of Zale Corp.*, 62 F.3d at 763 ("In order to initiate an adversary proceeding, a party seeking equitable relief must file a complaint and serve each affected party."); *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) (explaining that an adversary proceeding "must be commenced by a properly filed and served complaint"); Fed. R. Bankr. P.

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105, 2007-106, 2007-156
Memorandum Opinion
Page 7

7003 (making Federal Rule of Civil Procedure 3, which requires the filing of a complaint with the court, applicable to adversary proceedings); Fed. R. Bankr. P. 7004 (providing for the service of summons in bankruptcy adversary proceedings).

> The adversary proceeding is treated as a separate dispute between the Debtor and Creditor, subject to the procedural guidelines and safeguards contained in the Federal Rules of Civil Procedure. As in a civil trial, the bankruptcy court rules on the dispute only after a trial or upon receipt of a dispositive motion.

*In re Banks*, 299 F.3d 296, 301 (4th Cir. 2002).

### III. ANALYSIS

**A. Stay Pending Appeal**

To meet his burden in this motion, Prosser focuses the lion's share of his efforts on the first factor of a stay analysis -- the likelihood of success on the merits.[4] To that end, Prosser goes to great lengths to highlight the many ways in which this Court purportedly erred in its May 30, 2008, ruling. Prosser's arguments in this regard, however, repackage those he presented in his original appeal of the Bankruptcy Division's ruling. Those arguments merely demonstrate Prosser's disagreement with the Court's ruling. Importantly, those arguments fall far short of pinpointing any error in the Court's analysis.

---

[4] The Court notes that the parties in this matter have applied the stay standard under Federal Rule of Bankruptcy Procedure 8005. The Court employs the traditional stay analysis.

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105, 2007-106, 2007-156
Memorandum Opinion
Page 8

    The Court need not reiterate here the findings it made in its affirmance of the Bankruptcy Division's ruling.  For essentially the same reasons the Court earlier concluded that the settlement agreement was neither executory nor assumable, the Court finds that Prosser's likelihood of success on the merits is low.  As such, the first factor in this analysis does not favor a stay.

    The second factor of a stay analysis asks whether the movant has shown that he will suffer irreparable harm absent a stay.  To show that this element of the analysis operates in his favor, Prosser argues that he will suffer irreparable harm if certain assets of his and other debtor entities' estates, now under the control of a Chapter 7 trustee, are sold for less than market value.  Prosser claims that the sale of such assets will hamper his ability to consummate the settlement agreement.

    To substantiate these contentions, Prosser has submitted two affirmations, one from himself and one from his counsel.  Those affirmations recite the same basic facts: Certain assets of Prosser's estate have been sold, others are being sold, and others will be sold.  The affirmations aver that those assets are "unique and irreplaceable, and necessary to securitize the financing package which will fund" the settlement agreement. (Prosser Aff. ¶ 4, May 22, 2008; Moskowitz Aff. ¶ 3, June 9, 2008.)

...

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105, 2007-106, 2007-156
Memorandum Opinion
Page 9

    Neither Prosser's nor his counsel's affirmation is based on personal knowledge of the events described therein. For example, Prosser states that "I am advised that the [asset] sales that have been consummated or which are pending . . . have been for less than fair market value, and as such have depreciated the value of the overall bankruptcy estates." (Prosser Aff. ¶ 6.) Several other statements in Prosser's affirmation are prefaced with the clause, "I am advised that . . . ."

    The affirmation of Prosser's counsel similarly states that if this Court's May 30, 2008, ruling is reversed, "I am advised that the financing package [for the settlement agreement] can be put into place within a reasonable period of time following remand." (Moskowitz Aff. ¶ 7.) That affirmation further states:

> The source of my information and the basis for my belief is a review of the Court's files, the records on file in my office, and my own investigation of relevant factual matters, and my conversations with the debtor.

(*Id.* ¶ 1.)

    Because the affirmations accompanying Prosser's motion are not based on personal knowledge, they cannot be considered competent evidence for the purpose of showing an immediate risk of irreparable harm. *See Maldonado v. Ramirez*, 757 F.2d 48, 50 (3d Cir. 1985) (explaining that, to be sufficient, an affidavit "must be made 'on personal knowledge,' must set forth 'such facts as would be admissible in evidence' and must 'show affirmatively

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105, 2007-106, 2007-156
Memorandum Opinion
Page 10

that the affiant is competent to testify to the matters stated therein'"). Neither the facts contained in Prosser's and his attorney's affirmations nor the record of the underlying litigation persuade the Court that this matter constitutes an emergency warranting expedited review. *See Zahn Farms v. Keybank of New York*, No. 97-50014, 1997 Bankr. LEXIS 637, at *4-5 (B.A.P. 2d Cir. Mar. 28, 1997) (holding that a showing "that at some unspecified point in the future a foreclosure sale and a sale of personalty will occur," is insufficient to show a threat of irreparable harm required for expedited review of an emergency motion under Rule 8011(d)).

Furthermore, neither of the affirmations points to any impending dates of the purported asset sales. Instead, the affirmations simply aver that some of those sales have been consummated and that others are to occur at an unspecified time in the future. Even assuming the affirmations constituted competent evidence, the harm they allege is simply too speculative to be considered irreparable harm for the purpose of this motion. *See*, *e.g.*, *Wisconsin Gas Co. v. F.E.R.C.*, 758 F.2d 669, 674 (D.C. Cir. 1985) (holding that the plaintiff was not entitled to a stay of an administrative orders based on speculative allegations of possible economic injury) (quoting *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931)); *Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs.*, No. 04-4991, 2004

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105, 2007-106, 2007-156
Memorandum Opinion
Page 11

U.S. Dist. LEXIS 24079, at *8 (S.D.N.Y. Nov. 29, 2004) (noting that a party seeking a stay bears a "difficult burden" and that to constitute "irreparable injury," the harm must be "imminent or certain, not merely speculative"). Accordingly, the second factor in this analysis does not support a stay.

The third factor the Court must consider is whether the absence of a stay will harm the non-moving parties. Prosser asserts that no such harm will arise.[5] The Court disagrees. This appeal arises from a complex bankruptcy case that has been pending for some time. To delay asset sales of the bankruptcy estate would not only disrupt the bankruptcy proceedings but also work an injury to the creditors of the bankruptcy estate. As such, the Court finds that this factor disfavors a stay. *See*, *e.g.*, *In re Keziah*, No. C-C-85-524-P, 1985 U.S. Dist. LEXIS 15960, at *6 (W.D.N.C. Sept. 16, 1985) (denying a stay on finding that "[t]he Creditor has [had] to participate in lengthy and costly bankruptcy matters [and that] [i]ssuing a stay would force the Creditor back into the vicious circle").

With respect to the fourth factor, Prosser contends that "there is a strong public interest in having appeals decided without irreparable injury to the appellant or the sale of his

---

[5] Indeed, Prosser claims that a stay will inure to the non-moving parties' benefit by allowing them to "maximize a recovery" if the settlement agreement is found to be assumable.

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105, 2007-106, 2007-156
Memorandum Opinion
Page 12

assets while the appeals are pending." (Appellant's Emergency Mot. for Stay Pending Appeal and Request for Expedited Determination 8.) That contention is essentially a reformulation of other factors relevant to a stay analysis rather than an argument that the public interest favors the issuance of a stay. Nowhere in his brief does Prosser expressly or even obliquely articulate how the public interest favors the relief he seeks. For essentially the same reasons the Court finds that the first and third factors disfavor a stay, the Court similarly finds that the public interest does not serve Prosser's cause.

Having carefully considered the evidence and arguments of the relevant parties, the Court concludes that the equities in this matter weigh against issuing a stay pending appeal.

**B.   Injunctive Relief**

Although not stated explicitly in his motion, as an alternative to a stay Prosser essentially requests an injunction[6] to prohibit the Chapter 7 Trustee from selling any property or assets of his estate. That request falls squarely within the ambit of Rule 7001. *See* Fed. R. Bankr. P. 7001(7); *see also In re DeArakie*, No. 90-B-10749, 1996 Bankr. LEXIS 1037, at *9 (Bankr. S.D.N.Y. Aug. 22, 1996) ("Because, by its own terms, the debtor's

---

[6]   In his brief, Prosser asserts that "the public interest weighs in favor of granting a stay *or injunction* . . . ." (Appellant's Emergency Mot. for Stay Pending Appeal and Request for Expedited Determination 8) (emphasis supplied).

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105, 2007-106, 2007-156
Memorandum Opinion
Page 13

motion requests that I invoke my equity powers pursuant to 11 U.S.C. § 105(a) to enjoin the trustee from selling property, an adversary proceeding is required by Federal Rule of Bankruptcy Procedure 7001(7)."); *In re Kampen*, No. X87-01348F, 1995 Bankr. LEXIS 1818 (Bankr. N.D. Iowa Dec. 14, 1995) (stating that the debtors' motion to stop unsecured creditors from selling property of the debtors' Chapter 7 bankruptcy estate was a request for injunctive relief requiring the filing an adversary complaint). However, there is no evidence in the record that Prosser has filed a complaint and served summonses for an adversary proceeding requesting injunctive relief.  Instead, Prosser simply asks for an injunction as an alternative request for relief.

By requesting injunctive relief by motion before this Court rather than by commencing an adversary proceeding against the Chapter 7 Trustee, Prosser has failed to comply with the requirements of Rule 7001.[7] *See Matter of Zale Corp.*, 62 F.3d at

---

[7] As the United States Bankruptcy Appellate Panel of the Ninth Circuit has explained:

> There are numerous procedural differences between a motion and an adversary proceeding. For example, a motion comes before the court without the focus that results from the adversary proceeding's more formal pleading requirements and more structured pretrial process. Moreover, the presentation of evidence at the hearing on the merits is more formal in the case of an adversary proceeding.

*In re Boni*, No. CC-99-1085-TKB, 1999 Bankr. LEXIS 1314, at *12 (B.A.P. 9th Cir. Sept. 30, 1999).

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105, 2007-106, 2007-156
Memorandum Opinion
Page 14

763 ("Including a matter governed by Rule 7001 in another matter already before the court, however, does not satisfy the procedural rules required by Rule 7001."); *In re McKay*, 732 F.2d 44, 48 (3d Cir. 1984) (holding that a party cannot include Rule 7001 matter in a reorganization plan, but must instead commence an adversary proceeding seeking resolution of such matter). Accordingly, Prosser's request, to the extent it seeks injunctive relief, fails on procedural grounds. *See*, *e.g.*, *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) (holding that a Rule 7001 matter "commenced by motion rather than by complaint will be dismissed"); *In re DeArakie*, 1996 Bankr. LEXIS 1037, at *10 (denying the debtor's motion to enjoin the trustee from selling property of the bankruptcy estate as "procedurally improper" because the debtor failed to commence an adversary proceeding to obtain such relief); *In re Stacy*, Civ. No. 94-AR-0238-E, 1994 U.S. Dist. LEXIS 9822, at *18-19 (N.D. Ala. Apr. 19, 1994) (affirming the bankruptcy court's decision to strike a motion for injunctive relief because "[u]nder the Federal Rules of Bankruptcy Procedure, the relief sought by [the mortgagee] could not have been obtained by motion but rather necessitated the institution of an adversary proceeding"); *cf. In re Banks*, 299 F.3d 296 (4th Cir. 2002) (holding that an order disposing of a Rule 7001 matter had no preclusive effect because it was not entered in connection with an adversary proceeding).

*In re: Innovative Communication Company, LLC, et al.*
Civil Nos. 2007-105, 2007-106, 2007-156
Memorandum Opinion
Page 15

## IV.  CONCLUSION

For the reasons given above, Prosser's motion for a stay pending appeal will be denied.  An appropriate order follows.

                                        S_____
                                          **CURTIS V. GÓMEZ**
                                            **Chief Judge**